IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY JENKINS,

    Petitioner,

v.                                                                            Civil Action No. 1:11cv99
                                                                          (Judge Keeley)

WARDEN KUMA DEBOO[1],

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 20, 2011, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On June 21, 2011, he was granted leave to proceed *in forma pauperis*. Accordingly, this case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

### II. PETITION

In the petition, the petitioner, a federal inmate, alleges that he has been housed in the Segregated Housing Unit ("SHU"), since June 18, 2010 for investigation of an alleged assault. The petitioner maintains that Lt. Winnery and Officer Bell conspired to fabricate this incident for their

---

[1] The petitioner names eight respondents in his petition, However, in a § 2241 habeas corpus case, the only proper party respondent is the Warden of the institution in which the petitioner is incarcerated. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

own personal reasons. The petitioner further alleges that he has been detained in the SHU for over one year, and the initial reason for his illegal detention was to await pending federal prosecution. However, the petitioner maintains that he was told in December of 2010 that the Federal Prosecutor has declined to prosecute him, an institutional incident report would be issued, and he would be released from the SHU into the general population until he saw the Disciplinary hearing Officer ("DHO"). Apparently, the petitioner was issued an institutional report on February 22, 2011, but has yet to see the DHO. The petitioner makes further allegations that the DHO has either never seen the incident report or refuses to conduct a hearing on the report. For relief, the petitioner seeks to be returned to the general population or moved to another USP.

### III. Analysis

A section 2241 petition is used to attack the manner in which the sentence is executed. See 28 U.S.C. § 2241. More specifically, a section 2241 petition is appropriate where a prisoner challenges the fact or duration of his confinement but not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, the petitioner complains about the conditions of his confinement. Specifically, his claim relates to where and how he is being housed within the Bureau of Prisons. This claim is not an attack on, nor is it related in any way to, the execution of the petitioner's sentence. Thus, it is clear that the petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser at 499-500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## IV.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the petitioner's § 2241 petition (Doc. 1) be **DENIED and DISMISSED** without prejudice to his right to file his claims as a civil rights action.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

Dated: June 21, 2011

      /s/ James E. Seibert
      JAMES E. SEIBERT
      UNITED STATES MAGISTRATE JUDGE