**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JEFFREY JENKINS,**

    **Petitioner,**

**v.**                   //        **CIVIL ACTION NO. 1:11CV99**
                                          **(Judge Keeley)**

**WARDEN KUMA DEBOO,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On June 20, 2011, the pro se petitioner, Jeffrey Jenkins ("Jenkins"), filed a petition pursuant to 28 U.S.C. § 2241 in which he challenges his placement in the Special Housing Unit ("SHU"). The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with LR PL P 2. On June 21, 2011, Magistrate Judge Seibert issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that the petitioner's § 2241 petition be denied and dismissed without prejudice to his right to file his claims as a civil rights action. (Dkt. No. 5). Magistrate Judge Seibert determined that Jenkins is not entitled to file the instant § 2241 petition because he is challenging the conditions of his confinement, not its fact or duration.

Jenkins filed objections to Magistrate Judge Seibert's R&R on July 1, 2011, arguing that the prison violated his due process rights by placing him in the SHU. As Magistrate Judge Seibert

found, however, the proper vehicle for such a claim is a civil rights complaint. Warman v. Philips, No. 1:08-217, 2009 WL 2705833, at *3 (N.D. W. Va. Aug. 25, 2009) (holding that a § 2241 petition "may not be used to challenge [an] inmate's conditions of confinement"); see also Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002); McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Lee v. Winston, 717 F.2d 888 (4th Cir. 1983) (holding that a claim seeking injunctive relief, which was unrelated to the legality of a prisoner's confinement, was cognizable under 28 U.S.C. § 1983, but not under 28 U.S.C. § 2254). Accordingly, the Court **OVERRULES** Jenkins' objections.

For the reasons discussed, the Court:

1. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 5);

2. **DENIES** Jenkins' § 2241 petition (dkt. no. 1); and

3. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** to Jenkins' right to file his claims as a civil rights action.*

---

* The Court notes that Jenkins has already filed these claims as a civil rights complaint in Case No. 5:12CV27, and the Court dismissed that complaint without prejudice for failure to prosecute. (5:12CV27 Dkt. No. 10).

**JENKINS v. DEBOO**                                                  **1:11CV99**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: June 25, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE